

# IN THE
# TENTH COURT OF APPEALS

### Nos. 10-20-00010-CR, 10-20-00011-CR, 10-20-00012-CR, 10-20-00013-CR, 10-20-00014-CR, 10-20-00015-CR. 10-20-00016-CR, 10-20-00017-CR, 10-20-00018-CR, and 10-20-00019-CR

**JOSEPH RAY MELTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law
### Navarro County, Texas
### Trial Court Nos.
### C34324-CR, C34325-CR, C34326-CR, C34327-CR,
### C34328-CR, C34329-CR, C34330-CR, C34331-CR,
### C34332-CR, and C34333-CR

## ABATEMENT ORDER

The Clerk of this Court notified appellant by letter dated August 5, 2020, that the reporter's record in these cases had not been filed because appellant had failed to request that it be prepared. Appellant was given 21 days to request the reporter's record and

simultaneously notify the Court that it was requested. The Clerk warned appellant in the same letter that if the reporter's record was not requested within 21 days, the appeals would proceed on the clerk's record alone. See TEX. R. APP. P. 37.3(c)(1). When more than 21 days passed and no record was requested, the Clerk of this Court notified appellant by letter dated August 28, 2020, that the appeals would be submitted on the clerk's record alone and that appellant's briefs were due 30 days from the date of the letter.

On September 25, 2020 and September 28, 2020, appellant filed a motion for extension of time to file his briefs and a motion for leave to request the reporter's record, respectively. In an order issued on October 1, 2020, we granted the motion for leave to request the reporter's record and dismissed the motion for extension of time to file appellant's briefs as premature. We also ordered appellant to request the reporter's record and simultaneously notify the Court that the request had been made within 21 days from the date of the October 1, 2020 order. More than 21 days have passed, and we have not been notified whether the reporter's record has been requested.

We also addressed in the October 1, 2020 order the Court's concerns for counsel as well as the representation of appellant and informed appellant that in past situations where this Court has become concerned that the rights of the appellant cannot be adequately protected due to injury or illness of appointed counsel, we have abated the appeal and remanded the proceeding to the trial court with instructions to determine if additional counsel or other counsel should be appointed to represent an appellant.

We understand that counsel has done everything within her ability that her personal situation will allow to represent the client that she was appointed to represent,

but that under the circumstances, it is necessary that the client and the trial court that made the appointment be involved in the decision of whether it is time for additional counsel or substitute counsel to be appointed. Moreover, we note that only in rare instances may appointed counsel be removed over the objection of the client. *See In re Fletcher*, 584 S.W.3d 584, 589-590 (Tex. App.—Houston [1st Dist.] 2019, orig. proceeding).

Accordingly, this appeal is ABATED to the trial court to hold a hearing to determine whether appointed counsel is able to fulfill her duties and obligations to this appellant, whether appellant is receiving effective assistance of counsel, and if not, whether to appoint new or additional counsel to represent appellant effectively. The trial court is ordered to hold such hearing, either in person or virtually, within 35 days from the date of this order. A supplemental clerk's record containing the trial court's written determination must be filed within 42 days from the date of this order.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeal abated
Order issued and filed October 30, 2020
[RWR]

